Gary **MAHONEY**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 6119.

District of Columbia Court of Appeals.

Argued April 4, 1972.

Decided Oct. 13, 1972.

Roy S. Lerman, Washington, D. C., appointed by this court, for appellant.

James A. Fitzgerald, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and John C. Lenahan, Asst. U. S. Attys., were on brief, for appellee.

Before REILLY, Chief Judge, GALLAGHER, Associate Judge, and HOOD, Chief Judge, Retired.

PER CURIAM:

After a nonjury trial appellant was convicted of possession of implements of a crime under D.C.Code 1967, § 22–3601. These implements (narcotics paraphernalia) were found by the police in a bedroom while executing a search warrant at the premises of 3647 11th Street, N.W., in this city.

Appellant contends, principally, that the evidence was insufficient to sustain the trial court's finding of guilt. In support, appellant argues the Government failed to prove (a) that he intended to use the implements for a crime, and (b) that he possessed the paraphernalia seized.

Viewing the evidence in a light most favorable to the Government, as we must, we conclude it was adequate to support the court's finding that appellant possessed the narcotics paraphernalia—items which may be employed in the commission of a crime—and that their possession was intended for such purposes.

Our review of the record discloses that several implements were discovered in the room,[1] *viz.*, measuring spoons with heroin traces, a strainer, numerous tinfoils containing a heroin residue, a charred bottle top cooker with a heroin residue, a syringe cover and two portions of syringes. Importantly, there was also found in the same bedroom a notebook containing a record in appellant's handwriting of narcotics purchases and amounts the purchases would sell for after being "cut," meaning after dilution of the purchased narcotics. Appellant points to the absence of a needle and contends that since there could be no

---

1. We have reviewed the evidence that the room in question was occupied by appellant and we find there was ample evidence from which the trial court could so find, and could also conclude that the implements found in the room were possessed by appellant.

heroin injection without a needle, there could be no "use" of heroin; and, therefore the necessary intent to commit a crime was lacking.

Appellant overlooks the presence of the notebook evidencing narcotics trafficking in the same room in which the implements were located. All the implements discovered with heroin residues were plainly items which would be used in connection with the commission of various narcotic offenses.

Our review of the record discloses no error requiring reversal.

Affirmed.